COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>MONIFA SMITH</u>
**PLAINTIFF**

Use below number on
all future pleadings

-- vs --

No.  A 2101987
SUMMONS

<u>LIBERTY MUTUAL GROUP INC</u>
**DEFENDANT**


LIBERTY MUTUAL GROUP INC
9450 SEWARD RD                          D - 1
FAIRFIELD OH 45014



You are notified
that you have been named Defendant(s) in a complaint filed by

MONIFA SMITH
2 SPRINGFIELD PIKE
APT 1
CINCINNATI OH 45215

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.


Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.


If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.



Name and Address of attorney              AFTAB PUREVAL
EVAN R MCFARLAND                          Clerk, Court of Common Pleas
11260 CHESTER RD                            Hamilton County, Ohio
SUITE 825
CINCINNATI        OH        45246

                                          By  <u>RICK HOFMANN</u>
                                                            Deputy


                                          Date:   June 15, 2021




D132190000



VERIFY RECORD


**EXHIBIT A**

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>MONIFA SMITH</u>
   **PLAINTIFF**

            Use below number on
            all future pleadings

     -- vs --

            No.  A 2101987
                SUMMONS

<u>LIBERTY MUTUAL GROUP INC</u>
   **DEFENDANT**


   LIBERTY MUTUAL GROUP INC
   CORPORATION SERVICE COMPANY        D - 1
   50 WEST BROAD ST STE 1330
   COLUMBUS OH 43215



You are notified
that you have been named Defendant(s) in a complaint filed by

   MONIFA SMITH
   2 SPRINGFIELD PIKE
   APT 1
   CINCINNATI OH 45215

                      Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.


Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.


If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.



Name and Address of attorney       AFTAB PUREVAL
EVAN R MCFARLAND              Clerk, Court of Common Pleas
11260 CHESTER RD               Hamilton County, Ohio
SUITE 825
CINCINNATI       OH     45246

                 By  <u>RICK HOFMANN</u>
                          Deputy


                 Date:   June 15, 2021


D132190006



VERIFY RECORD

**EXHIBIT A**

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>MONIFA SMITH</u>
    **PLAINTIFF**

            Use below number on
            all future pleadings

    -- vs --

            No.  A 2101987
               SUMMONS

<u>LIBERTY MUTUAL GROUP INC</u>
    **DEFENDANT**


    LIBERTY MUTUAL GROUP INC
    CORP SERVICE COMPANY           D - 1
    84 STATE STREET
    BOSTON MA 02109


You are notified
that you have been named Defendant(s) in a complaint filed by

    MONIFA SMITH
    2 SPRINGFIELD PIKE
    APT 1
    CINCINNATI OH 45215

                        Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.


Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.


If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney       AFTAB PUREVAL
EVAN R MCFARLAND                 Clerk, Court of Common Pleas
11260 CHESTER RD                Hamilton County, Ohio
SUITE 825
CINCINNATI      OH     45246

                    By  <u>RICK HOFMANN</u>
                               Deputy


                  Date:   June 15, 2021

D132190073



VERIFY RECORD

**EXHIBIT A**

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>MONIFA SMITH</u>
    **PLAINTIFF**

                                                          Use below number on
                                                           all future pleadings
         -- vs --

                                           No.  A 2101987
                                                SUMMONS

<u>LIBERTY MUTUAL GROUP INC</u>
    **DEFENDANT**


        LIBERTY MUTUAL GROUP INC
        175 BERKELEY STREET               D - 1
        CORPORATE OFFICE
        BOSTON MA 02116


You are notified
that you have been named Defendant(s) in a complaint filed by

        MONIFA SMITH
        2 SPRINGFIELD PIKE
        APT 1
        CINCINNATI OH 45215

                                                         Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.


Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.


If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.



Name and Address of attorney          AFTAB PUREVAL
EVAN R MCFARLAND                   Clerk, Court of Common Pleas
11260 CHESTER RD                    Hamilton County, Ohio
SUITE 825
CINCINNATI        OH       45246

                                    By  <u>RICK HOFMANN</u>
                                              Deputy


                                  Date:   June 15, 2021



D132190067



VERIFY RECORD


**EXHIBIT A**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23365649**
**Date Processed: 06/18/2021**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Group Inc.<br>Entity ID Number  2541558 |
| **Entity Served:** | Liberty Mutual Group Inc |
| **Title of Action:** | Monifa Smith vs. Liberty Mutual Group Inc. |
| **Matter Name/ID:** | Monifa Smith vs. Liberty Mutual Group Inc. (11328248) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Hamilton County Court of Common Pleas, OH |
| **Case/Reference No:** | A 2101987 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 06/17/2021 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Evan McFarland<br>216-291-4744 x 170 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

COPY

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


MONIFA SMITH
    **PLAINTIFF**

    -- vs --

                                 Use below number on
                                 all future pleadings

                           No.  A 2101987
                                 SUMMONS

LIBERTY MUTUAL GROUP INC
    **DEFENDANT**


      LIBERTY MUTUAL GROUP INC
      CORPORATION SERVICE COMPANY      D - 1
      50 WEST BROAD ST STE 1330
      COLUMBUS OH 43215


You are notified
that you have been named Defendant(s) in a complaint filed by

      MONIFA SMITH
      2 SPRINGFIELD PIKE
      APT 1
      CINCINNATI OH 45215

                                      Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          AFTAB PUREVAL
EVAN R MCFARLAND                  Clerk, Court of Common Pleas
11260 CHESTER RD                  Hamilton County, Ohio
SUITE 825
CINCINNATI      OH      45246

                              By  RICK HOFMANN
                                       Deputy

                            Date:   June 15, 2021

D132190006

**EXHIBIT A**



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
June 10, 2021 09:43 AM
   AFTAB PUREVAL
   Clerk of Courts
 Hamilton County, Ohio
CONFIRMATION 1076351
```

**MONIFA SMITH**                    **A 2101987**

### vs.
## LIBERTY MUTUAL GROUP
## INC

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 17

EFR200

**EXHIBIT A**

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

MONIFA SMITH                              )     CASE NO.
2 Springfield Pike, Apt 1                 )
Cincinnati, OH 45215                      )     JUDGE:
                    Plaintiff,            )
                                          )
                                          )
            v.                            )
                                          )
                                          )
LIBERTY MUTUAL GROUP INC.                 )
9450 Seward Rd.                           )     **COMPLAINT FOR**
Fairfield, OH 45014                       )     **DAMAGES AND**
                                          )     **INJUNCTIVE RELIEF**
    **Serve Also:**                       )
    LIBERTY MUTUAL GROUP, INC.            )     **JURY DEMAND ENDORSED**
    c/o Corporation Service Company       )     **HEREIN**
    (Stat. agent)                         )
    50 West Broad Street, Suite 1330      )
    Columbus, OH 43215                    )
                                          )
    -and-                                 )
                                          )
    LIBERTY MUTUAL GROUP, INC.            )
    (Corporate Office)                    )
    175 Berkeley St                       )
    Boston, MA 02116                      )
                                          )
    -and-                                 )
                                          )
    LIBERTY MUTUAL GROUP, LLC             )
    c/o Corp. Service Company (Stat. agent) )
    84 State St                           )
    Boston, MA 02109                      )
                                          )
                    Defendant.            )
                                          )

Plaintiff MONIFA SMITH by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

## PARTIES

1. Smith is a resident of the city of Cincinnati, Hamilton County, state of Ohio.

**EXHIBIT A**

2. Defendant LIBERTY MUTUAL GROUP, INC., ("Liberty Mutual") is a foreign-incorporated, for profit company that conducts business throughout the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 9450 Seward Road, Fairfield, Ohio 45014.

3. Liberty Mutual is, and was at all times hereinafter mentioned, Smith's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e and R.C. § 4112 *et seq*.

## JURISDICTION & VENUE

4. All of the material events alleged in this Complaint occurred in Butler County, Ohio and Hamilton County, Ohio.

5. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code §2307.382(A)(1) and/or (4).

6. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

8. Within 300 days of the conduct alleged below, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC", Charge No. 473-2021-00281) against Defendant ("EEOC Charge").

9. On or about March 24, 2021, the EEOC issued and mailed a Dismissal and Notice of Rights letter to Smith regarding the EEOC Charge.

10. Smith received the Dismissal and Notice of Rights from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

2

EXHIBIT A

11. Smith has filed this Complaint on or before the 90-day deadline set forth in the Dismissal and Notice of Rights.

12. Smith has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.407(a).

## FACTS

13. Smith is a current employee of Liberty Mutual.

14. At all times noted herein, Smith was qualified for her position with Liberty Mutual.

15. At all times noted herein, Smith could fully perform the essential functions of her job, with or without a reasonable accommodation.

16. Smith is African American, placing her in a protected class for her race.

17. Smith works for Liberty Mutual, currently as a Commercial Sales Representative, and started on or around April 2, 2018.

18. Smith has an exemplary record including, but not limited to, an award earned in Spring 2018, a myriad of positive evaluations, and annual raises.

19. Despite Smith's positive employment history, Liberty Mutual has consistently refused to address multiple occasions of racism against her, and instead of adequately addressing her complaints and concerns, Liberty Mutual retaliated against Smith.

20. These incidents started small and seemed insignificant but have grown into blatant and egregious examples of intolerance and racism.

21. Early on in her employment, Smith wore wigs to work over her natural hair.

22. Smith's Caucasian coworkers, knowing of Smith's wigs and that African American women often wore wigs, would show videos of African American women having their wigs torn off. These videos were offensive to Smith.

3

**EXHIBIT A**

23. On or around late December 2018, Smith's office hosted a Charlie Brown themed Christmas party.

24. When Senior Commercial Sales Representative Joshua Brown saw Smith choose her character for the Charlie Brown Xmas Tree, he commented that her character was "the token Black character."

25. Smith reported this comment to HR Rep, Bethany Morrison.

26. In or around early 2019, Smith talked to Assistant Vice President of Small Business and Personal Administration Josh Stirpe, about some issues related to being the only African American in her department.

27. Smith explained that there were obvious cliques within her department, and she felt that she was being excluded and singled-out because she was African American.

28. This discussion was a protected complaint of race discrimination.

29. Soon, Smith began getting leads that she first described as "weird."

30. The people on these calls would make outlandish or ridiculous requests that would clog up Smith's call queue and prevent her from meeting her sales call goals.

31. Smith began to suspect that these weird calls were fake and coming from other departments to try and sabotage her.

32. Smith complained of these useless calls to Commercial Sales Supervisor Taylor Emerson, explaining that the people she would speak to seemed like they were just trying to keep her on the phone for an unnecessary amount of time. She noted she felt this effort was also due to her race.

33. This was a protected complaint, but there was no further investigation for it.

4

**EXHIBIT A**

34. In or around fall 2019, Smith began experiencing deliberate bullying from her coworkers including, but not limited to, Halloween when she found fake bugs on her desk and a witch hanging from a noose in front of her cubicle.

35. A hanging noose is a frequent, racist trope against African Americans that references lynching.

36. These incidents were followed up with insulting comments aimed at Smith personally and professionally.

37. In or around early 2020, Liberty Mutual dramatically increased its sales goal expectations.

38. Smith was able to meet these new goals through January and February, but then in or around March 2020, the COVID-19 pandemic hit the United States causing many states, including Ohio, to issue Stay at Home Orders.

39. Ohio's Stay at Home Order permitted essential businesses to remain open, but required them to implement safety precautions including, but not limited to, sending nonessential workers to work from home where possible.

40. Starting in May 2020, Smith worked from home.

41. Throughout this entire time, Smith was still receiving these useless web leads, so she again complained to Emerson.

42. Emerson and Smith decided to look into one of these leads, which was done using a program called WebLink.

43. WebLink is a program that facilitates teleconference and videoconference leads, transcribes the entire conversation, and saves the lead for future reference.

44. While cleaning out the WebLink inbox, Smith came across a few month of these bogus leads and reported them to Emerson.

5

**EXHIBIT A**

45. This was a protected complaint.

46. Emerson responded in an email, dismissing Smith's concern saying that everyone received those kinds of lead, and attached a sample lead to prove her point.

47. The sample lead was between another Commercial Sales Rep and a prospective customer, and the transcript of the lead showed that the customer called the Sales Representative a "fat, thick, nigger."

48. Smith was taken aback by Emerson's choice to send her this transcript; it seemed unnecessary, targeted, and offensive.

49. As a manager, Emerson could have quietly reported that lead and then deleted it, but instead sent it to one of the only African American Commercial Sales Reps in the department as some misguided proof that racism cannot exist if other people are also enduring it.

50. Emerson did not send similarly offensive transcripts to anyone other than Smith.

51. The following Monday, Smith received a call from Emerson apologizing for her response and told Smith that she would be looking into the situation.

52. In or around August and September 2020, Smith told Stirpe and the Commercial Sales Manager Regina Ray about the useless leads and complained about how it was affecting her metrics. She stated she was concerned the bogus leads were being routed to her because of her race. This was another protected complaint.

53. Both Stirpe and Ray denied the possibility of these bogus leads and told Smith to go to HR.

54. In or around September 2020, Smith went to HR and reported the leads to Morrison.

55. This was another protect complaint.

6

**EXHIBIT A**

56. Along with her verbal report, Smith brought a spreadsheet tallying all the bad leads that she was receiving. Disparately, this spreadsheet showed she was indeed receiving more bogus leads than her Caucasian colleagues.

57. Morrison said she would investigate.

58. Over the next few weeks, Smith had some meetings with Morrison regarding the situation, and while she felt heard during these meetings, they did not amount to any real change to the situation.

59. The number of bad leads that Smith received prevented her from meeting her lead goals for the months of August and September 2020.

60. Emerson told Smith that she was receiving her first verbal warning for not meeting the lead goals, and that she needed to pick up her pace and was about to be written up.

61. During this conversation, Smith told Emerson that she had communicated with HR and that there was an investigation into the bogus leads.

62. In or around December 2020, Smith followed up with Morrison to ask if she had reviewed any of the leads.

63. Morrison responded that she had not, but that Emerson had.

64. When Smith asked Emerson for any updates, Emerson denied that the leads could be bogus.

65. By January 2021, Morrison told Smith that she concluded the investigation and found no evidence of bogus leads, but any discriminatory comments to Smith had been dealt with.

66. However, as time went on Smith felt the leads were getting more and more frequent and targeted.

67. In or around late January/early February 2021, Smith received a call from a prospective business trying to get a quote.

7

68. The person on the other end of the call kept saying "nigger," intentionally.

69. When Smith reported this call to HR, Morrison said that because she had concluded her investigation, there was nothing she could do and instead instructed Smith to start the complaint process all over again by first talking with her manger.

70. On or around February 5, 2021, Smith submitted a Charge of Discrimination with the EEOC. This was another protected activity.

71. In or around March 2021, Morrison invited Smith to a meeting to discuss all the leads she was receiving and ask if she had talked to her manager yet.

72. Smith said that she had not yet spoken to her manager because all her previous complaints had been ignored and/or not taken seriously, so she did not think speaking to them this time would do any good.

73. In or around April 2021, Commercial Sales Representative, Joseph Hussey sent Smith a monkey emoji, which Smith immediately reported to Morrison.

74. Comparing African Americans to monkeys is a frequent racist trope, and thus Smith was quite offended by this message from Hussey.

75. Smith is currently on probation for not meeting lead goals, but still receives these bogus leads daily.

76. Smith reported multiple incidents of racism to agents of Liberty Mutual.

77. Liberty Mutual refused to adequately address any of Smith's reported incidents of racism, which were adverse employment actions against her.

78. There is a causal connection between Smith's protected class and Liberty Mutual's adverse actions taken against Smith.

79. Instead of adequately addressing Smith's concerns, Liberty Mutual put Smith on probation.

8

**EXHIBIT A**

80. This is another adverse employment action against Smith and the reasoning behind it is pretextual.

81. As a result of the above, Smith has suffered damages, including economic damages, as well as severe emotional distress, anxiety, and depression. She has had and continues to accrue damages based thereupon.

## COUNT I: HOSTILE WORK ENVIRONMENT
## ON THE BASIS OF RACE DISCRIMINATION

82. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. Smith, as an African American, is in a protected class for her race.

84. During her employment with Liberty Mutual, Smith was subjected to offensive and harassing conduct based on her race (described *supra*).

85. Liberty Mutual knew or should have known of the harassing conduct against Smith.

86. Liberty Mutual condoned, tolerated and ratified this harassing conduct.

87. This harassing conduct was severe and/or pervasive.

88. This harassing conduct was offensive to Smith.

89. This harassing conduct interfered with Smith's ability to perform her job duties.

90. Liberty Mutual' s offensive and harassing conduct created a hostile and/or abusive work environment for Smith.

91. Liberty Mutual' s offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Smith.

92. Smith incurred emotional distress damages as a result of Liberty Mutual' s conduct described herein.

9

**EXHIBIT A**

93. As a direct and proximate result of Liberty Mutual' s failure to adequately address Smith's complaints and concerns based upon race discrimination, Smith has suffered and will continue to suffer damages.

## COUNT II: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.

94. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Smith is African American, and thus is in a protected class for her race.

96. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

97. Liberty Mutual treated Smith differently than other similarly situated employees based upon her race.

98. Liberty Mutual violated R.C. § 4112 *et seq.* by treating Smith differently from other similarly situated employees outside her protected class.

99. Liberty Mutual violated R.C. § 4112 *et seq.* by applying its employment policies in a disparate manner based on Smith's race.

100. Liberty Mutual violated R.C. § 4112 *et seq.* by applying its disciplinary policies in a disparate manner based on Smith's race.

101. Liberty Mutual violated R.C. § 4112 *et seq.* by failing to adequately address any of Smith's complaints or concerns of racism in the workplace.

102. Liberty Mutual' s failure to adequately address William's complaints and concerns of racism in the workplace was an adverse employment action against her.

103. Smith incurred emotional distress damages as a result of Liberty Mutual' s conduct described herein.

10

**EXHIBIT A**

104. As a direct and proximate result of Liberty Mutual's failure to adequately address Smith's concerns of racism, Smith has suffered and will continue to suffer damages.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

105. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. Smith is African American, and thus is in a protected class for her race.

107. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

108. Liberty Mutual treated Smith differently than other similarly situated employees based upon her race.

109. Liberty Mutual violated Title VII by treating Smith differently from other similarly situated employees outside her protected class.

110. Liberty Mutual violated Title VII by applying its employment policies in a disparate manner based on Smith's race.

111. Liberty Mutual violated Title VII by applying its disciplinary policies in a disparate manner based on Smith's race.

112. Liberty Mutual violated Title VII by failing to adequately address Smith's complaints and concerns of racism in the workplace.

113. Liberty Mutual's failure to adequately address any of Smith's complaints or concerns of racism in the workplace was an adverse employment action against her.

114. Smith incurred emotional distress damages as a result of Liberty Mutual's conduct described herein.

11

**EXHIBIT A**

115.    As a direct and proximate result of Liberty Mutual's failure to adequately address Smith's complaints and concerns of racism in the workplace, Smith has suffered and will continue to suffer damages.

## COUNT IV: RETALIATION

116.    Smith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

117.    As a result of Liberty Mutual's discriminatory conduct described above, Smith complained of the bogus leads and the incidents of racism she was enduring to Emerson, Stirpe, Morrison, and Ray.

118.    Subsequent to Smith's complaints, Liberty Mutual took adverse employment actions against Smith including, but not limited to, placing her on probation for failure to meet lead goals.

119.    Smith's failure to meet lead goals is a direct and proximate result of the bogus, racist leads that she reported.

120.    Pursuant to R.C. § 4112 *et seq.* and/or Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person had opposed an unlawful discriminatory practice.

121.    Liberty Mutual failed to take Smith's complaints of racism seriously and yet simultaneous decided to punish her for an issue related to her complaint.

122.    Liberty Mutual's actions were retaliatory in nature based on Smith's opposition to the unlawful discriminatory conduct.

123.    As a direct and proximate result of Liberty Mutual's retaliatory discrimination against Smith, she has suffered and will continue to suffer damages.

12

EXHIBIT A

## **DEMAND FOR RELIEF**

WHEREFORE, Smith demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Defendant for compensatory and monetary damages to compensate Smith for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendant in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Smith's claims as allowable under law;

e) An award of the taxable costs of this action; and

13

**EXHIBIT A**

f) An award of such other relief as this Court may deem necessary and proper.


Respectfully submitted,


  /s/ Evan McFarland
Evan R. McFarland (0096953)
Brianna R. Carden (0097961)
Matthew G. Bruce (0083769)
     Trial Attorney
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-4744 x170
Fax:     (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Monifa Smith*


## JURY DEMAND

Plaintiff MONIFA SMITH demands a trial by jury by the maximum number of jurors permitted.


  /s/ Evan McFarland
Evan R. McFarland (0096953)


14

**EXHIBIT A**

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Monifa Smith<br>2 Springfield Pike<br>1<br>Wyoming, OH 45215 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main Street, Suite 10-191<br>Cincinnati, OH 45202 |
|---|---|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2021-00281 | Daniel F. Williams,<br>Investigator | (513) 914-6015 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

03/24/2021

| Enclosures(s) | | |
|---|---|---|
|  | **Ramiro Gutierrez,**<br>**Area Office Director** | (Date Issued) |

cc: Elizabeth Duggan
Paralegal
LIBERTY MUTUAL INSURANCE
175 Berkeley Street
Boston, MA 02116

**EXHIBIT A**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**EXHIBIT A**

Enclosures(s)

cc:     **Joel M. Nolan**
        **Liberty Mutual Group Inc.**
        **175 BERKELEY ST**
        **Boston, MA 02116**

**EXHIBIT A**

**AFTAB PUREVAL**
1000 MAIN STREET   ROOM 315
CINCINNATI OH 45202
COMMON PLEAS CIVIL
A 2101987 D 1

95º

CERTIFIED MAIL

7194 5168 6310 0941 6610

06/15/2021  SUMMONS & COMPLAINT
LIBERTY MUTUAL GROUP INC
CORPORATION SERVICE COMPANY
50 WEST BROAD ST STE 1330
COLUMBUS OH 43215

EXHIBIT A